IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**MIGUEL ANGEL MACIAS #1967946**

-vs-                                                                                           Case No.  A-14-CA-1136-SS

**SHANE CUNNINGHAM**

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE SAM SPARKS
        UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Defendants' Motion for Partial Dismissal (Document No. 9); Defendant's Motion for Summary Judgment (Document No. 19); Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 24); Plaintiff's Motion for Discovery (Document No. 25); Plaintiff's Declaration (Document No. 26); and Defendant's Summary Judgment Reply and Response in Opposition to Plaintiff's Motion for Discovery (Document No. 28).  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Travis County Correctional Complex. Plaintiff was subsequently transferred to the Allred Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he was subjected to excessive use of force during his arrest on August 31, 2014. According to Plaintiff, Austin Police Department Officer Shane Cunningham fired his pistol at him fifteen times, and Plaintiff was struck with five bullets. Plaintiff sues Officer Cunningham for violating his rights under the Eighth and Fourteenth Amendments to the Constitution and various articles of the Declaration of Human Rights. He seeks compensatory and punitive damages and a declaratory judgment.

Defendant Cunningham moves for a partial dismissal. Cunningham asserts Plaintiff's claims arise under the Fourth Amendment, not the Eighth and Fourteenth Amendments, because the alleged use of excessive force occurred during Plaintiff's arrest. Cunningham also moves to dismiss Plaintiff's claims purportedly brought under the Declaration of Human Rights. Cunningham explains the United Nations Declaration of Human Rights does not confer any legal right to bring private causes of action in the United States court system.

Defendant Cunningham also moves for summary judgement. He first argues Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). He explains Plaintiff's claim is a direct challenge to his state court criminal conviction for aggravated assault on Cunningham for which Plaintiff received a 32-year sentence. Cunningham concludes the aggravated assault conviction necessarily demonstrates any force used by an officer is not excessive, and *Heck* bars any civil claim to the contrary. Cunningham also argues summary judgment is appropriate in this case,

because he is protected by qualified immunity. In sum, Cunningham argues he acted reasonably when he used deadly force because any reasonable officer would have feared for his life under the same circumstances. Cunningham maintains Plaintiff left him with no choice but to use deadly force when Plaintiff deliberately rammed Cunningham's patrol car and dangerously pushed it almost 50 feet across a parking lot, into a tree.

Plaintiff disagrees that *Heck* bars his case, because he does not intend to "undermine" his criminal case. He repeats Officer Cunningham used excessive force against him when Plaintiff was trying to exit a parking lot where a burglary had just taken place. Plaintiff contends the officer put himself in harms way and started the chain of events that escalated into a shooting. Plaintiff claims the lights of Officer Cunningham's vehicle blinded him, and he did not know it was a patrol car or that Officer Cunningham was standing outside of the vehicle. Plaintiff admits he was convicted of assault on a peace officer but states his case is on direct appeal and has not yet been affirmed. Plaintiff asserts he filed his civil rights complaint while his criminal case was on direct appeal, because he feared his statute of limitations would expire. Plaintiff also challenges Defendant's summary-judgment evidence with regard to Officer Cunningham's defense of qualified immunity.

## II. ANALYSIS

A.   <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Defendant Cunningham moves to dismiss Plaintiff's claims based on violations of the Eighth and Fourteenth Amendments to the Constitution. As explained by Defendant Cunningham, the Fourth Amendment provides the standard for reviewing claims of excessive force in the course of otherwise lawful arrests. *Graham v. Connor*, 490 U.S. 386 (1989). Accordingly, Plaintiff's claims based the on the Eighth and Fourteenth Amendments should be dismissed.[1]

Defendant Cunningham also moves to dismiss Plaintiff's claim brought pursuant to various articles of the Declaration of Human Rights. Defendant Cunningham correctly provides there is no private cause of action under the Declaration of Human Rights. *See Sosa v. Alvarez–Machain*, 542 U.S. 692, 735 (2004). Accordingly, Plaintiff's claims based on the Declaration of Human Rights should be dismissed and Defendant Cunningham's Motion for Partial Dismissal should be granted.

B.      Motion for Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The standard for determining whether to grant summary judgment "is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the nonmoving party

---

[1]Prior to the time a person in custody is convicted of a criminal offense, the Fourteenth Amendment provides the standard of review for claims of excessive force by custodial officials. *Valencia v. Wiggins*, 981 F.2d 1440 (5th Cir. 1993), *cert. denied*, 509 U.S. 905 (1993). Once a prisoner has been convicted and placed in the penal system, the Eighth Amendment provides the primary source of protection for a prisoner complaining that he has been injured through the application of excessive force by jail or prison personnel. *Huget v. Barnett*, 900 F.2d 838, 840 (5th Cir. 1990).

based upon the record evidence before the court." *James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 576 (1986)).

"If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Allen v. Rapides Parish Sch. Bd.,* 204 F.3d 619, 621 (5th Cir. 2000) (internal quotations and citations omitted). Conclusory allegations are not competent summary-judgment proof, and thus are insufficient to defeat a motion for summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are also not competent summary-judgment proof. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The nonmovant must go beyond the pleadings and identify specific proof in the record and articulate the precise manner in which that proof supports his claim. *See Wheeler v. B.L. Dev. Corp.*, 415 F.3d 399, 401–02 (5th Cir. 2005) (citing *Celotex Corp.*, 477 U.S. at 324)); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the summary-judgment motion. *Ragas*, 136 F.3d at 458. Doubts will be resolved in favor of the nonmovant, and all justifiable inferences to be drawn from the underlying facts are viewed in the light most favorable to that party. *See Minter v. Great Am. Ins. Co.*, 423 F.3d 460, 465 (5th Cir. 2005); *Burch v. City of Nacogdoches,* 174 F.3d 615, 619 (5th Cir. 1999).

Defendant first argues that Plaintiff's excessive force claim[2] is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a person may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Id.* at 486-87. The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Id.*

Plaintiff was convicted of aggravated assault on a public servant with a deadly weapon. As such, *Heck* bars Plaintiff's excessive force claim. *See Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999) (applying *Heck* to dismiss an excessive force claim when the plaintiff was convicted of aggravated assault against the public servant who used deadly force). It is immaterial that Plaintiff did not intend to undermine his criminal conviction. Accordingly, summary judgment should be granted.[3]

### III.  RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant Cunningham's Motion for Partial Dismissal [#9], **DISMISS WITH PREJUDICE** Plaintiff's claims brought pursuant to the Eighth and Fourteenth Amendments to the Constitution and the Declaration of Human Rights, **GRANT** Defendant Cunningham's Motion for Summary Judgment [#19], **DISMISS WITHOUT PREJUDICE** to refile Plaintiff's claim brought pursuant to the Fourth

---

[2] Construing Plaintiff's claims liberally, as the Court must, the Court construes Plaintiff's excessive force claim as if it were brought pursuant to the Fourth Amendment.

[3] Because Plaintiff's claim is barred by *Heck*, his claim has not yet accrued. Accordingly, any qualified immunity analysis is unnecessary. In addition, the limitations period has not started to run.

Amendment to the Constitution once the conditions of *Heck* are met, and **DISMISS** Plaintiff's Motion for Discovery [#25].[4]

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

---

[4] Plaintiff's Motion for Discovery is futile, because Plaintiff's claims are *Heck*-barred.

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on May 21, 2015.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE