FILED
2015 JUN 11 AM 8:38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ________
DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**MIGUEL ANGEL MACIAS (# 1967946),**
**Plaintiff,**

**-vs-** **Case No. A-14-CA-1136-SS**

**SHANE CUNNINGHAM,**
**Defendant.**

---

**O R D E R**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Shane Cunningham's Motion for Partial Dismissal [#9], Defendant's Motion for Summary Judgment [#19], Plaintiff Miguel Angel Macias's Response [#24] thereto, Plaintiff's Motion for Discovery [#25], Defendant's Summary Judgment Reply and Response to Plaintiff's Motion for Discovery [#28], Plaintiff's Declaration [#26], the Report and Recommendation of the United States Magistrate Judge [#29], and Plaintiff's Response [#32] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir.

2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

**Background**

At the time he filed his complaint under 42 U.S.C. § 1983, Plaintiff Miguel Angel Macias was incarcerated in the Travis County Correctional Complex in Del Valle, Texas. Macias has since been transferred to the James Allred Unit of the Texas Department of Criminal Justice—Correctional Institutions Division in Wichita Falls, Texas. Macias alleges Officer Shane Cunningham of the Austin Police Department used excessive force during Macias's arrest on August 31, 2014. Specifically, Macias alleges Officer Cunningham fired his weapon at Macias fifteen times during the arrest, with five bullets striking Macias. As a result of the encounter, Macias alleges he required extensive surgery. Macias alleges Officer Cunningham violated his Eighth and Fourteenth Amendment rights and various articles of the Universal Declaration of Human Rights, and seeks compensatory damages, punitive damages, and a declaratory judgment.

A Travis County jury convicted Macias of aggravated assault with a deadly weapon on a public servant for actions arising out of the same incident. According to Officer Cunningham, Macias and an accomplice were burglarizing a business when Officer Cunningham approached in his patrol car. Macias then intentionally smashed his vehicle into Officer Cunningham's car, pushing it backwards nearly fifty feet into a tree. As Macias accelerated, Officer Cunningham, who was standing in the doorway of his car at the time, fired multiple shots at Macias in self-defense. Following trial, on November 20, 2014, Macias was found guilty of the offense described above and sentenced to thirty-two years in prison.

Officer Cunningham has moved both for partial dismissal and for summary judgment. As set forth below, Macias's claims based on the Eighth and Fourteenth Amendments and the Universal Declaration of Human Rights are subject to dismissal. Additionally, the Court—and, apparently, Macias himself—agrees Macias's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, this suit must be dismissed in its entirety.

## Analysis

## I. Motion to Dismiss

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678.

### B. Application

Macias's complaint alleges the circumstances of his arrest amounted to cruel and unusual punishment in violation of his Eighth Amendment rights. Further, Macias claims he was denied due process in violation of his Fourteenth Amendment rights. As Officer Cunningham notes, because force was used on Macias only during his arrest, and not while Macias was detained or incarcerated, the Eighth and Fourteenth Amendments do not apply to Macias's claims. *See Graham v. Connor*,

490 U.S. 386, 394 (1989) (citing *Tennessee v. Garner*, 471 U.S. 1, 7–22 (1985)) (explaining excessive force analysis "begins by identifying the specific constitutional right allegedly infringed" and noting claims of excessive force to effect arrest are analyzed under the Fourth Amendment). Macias now agrees neither the Eighth nor Fourteenth Amendment applies. *See* Resp. R&R [#32] at 2. Accordingly, Macias's Eighth and Fourteenth Amendment claims are dismissed.

Officer Cunningham has also moved to dismiss Macias's claim brought under various articles of the Universal Declaration of Human Rights. As the Magistrate Judge noted, the Universal Declaration of Human Rights does not create a private right of action. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734–35 (2004) (noting the Declaration does not impose obligations as a matter of international law, but is a statement of principles setting a standard of achievement). Macias's claim grounded in the Universal Declaration of Human Rights must also be dismissed.

**II. Motion for Summary Judgment**

**A. Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court

"may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

**B. Application**

Macias clearly attempted to bring a Fourth Amendment excessive force claim, and the Court will construe his complaint as such. However, as Macias now agrees, his Fourth Amendment claim is barred by *Heck v. Humphrey*, which holds that a § 1983 plaintiff must prove his conviction or sentence has been invalidated in order to recover damages for alleged harms whose unconstitutionality would render the conviction or sentence invalid. 512 U.S. at 486–87. In determining whether a claim is *Heck*-barred, the key inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

A judgment in favor of Macias on his excessive force claim would necessarily imply the invalidity of his conviction for aggravated assault on Officer Cunningham. *Hainze v. Richards*, 207 F.3d 795, 798–99 (5th Cir. 2000) (citing *Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999)) ("[B]ased on *Heck*, an excessive force claim under section 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events."). Accordingly, Macias's Fourth Amendment claim must also be dismissed.

**Conclusion**

Accordingly:

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#29] is ACCEPTED;

IT IS ORDERED that Defendant Shane Cunningham's Motion for Partial Dismissal [#9] is GRANTED;

IT IS FURTHER ORDERED that Defendant Shane Cunningham's Motion for Summary Judgment [#19] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Miguel Angel Macias's Eighth Amendment, Fourteenth Amendment, and Universal Declaration of Human Rights claims brought pursuant to 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Miguel Angel Macias's Fourth Amendment claim brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITHOUT PREJUDICE to his right to refile once the conditions of *Heck v. Humphrey* are met; and

IT IS FINALLY ORDERED that Plaintiff Miguel Angel Macias's Motion for Discovery [#25] is DISMISSED.

SIGNED this the 10th day of June 2015.

SAM SPARKS
UNITED STATES DISTRICT JUDGE